**Robert M. QUICK, Appellant,**

v.

**Glen SCHMIDT, Respondent.**

**No. KCD 25810.**

Missouri Court of Appeals,
Kansas City District.

July 23, 1973.

---

Rupert G. Usrey, Eiser & Usrey, Oregon, for appellant.

Emmett L. Bartram, Maryville, Richard W. Mason, St. Joseph, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

SWOFFORD, Judge.

This appeal comes before the court on rehearing. A motion by appellant to file a supplemental transcript on appeal was taken with the case. That motion is hereby sustained, such supplemental transcript is received, and it will be considered by the court together with the original transcript.

The primary question presented now (as in the original hearing) is whether the trial court erred by entering judgment dissolving plaintiff's attempted attachment and dismissing his action. We now have before us, by way of the supplemental transcript, copies of the Attachment Bond in the amount of $50,720.00, dated April 27, 1970, and its approval April 28, 1970. In the present state of the record, the facts of this case may be summarized as follows:

Plaintiff commenced this suit on April 27, 1970, by filing a petition in Buchanan County. He alleged that he had purchased 168 head of cattle from the defendant, to be delivered on a day certain, and paid the defendant the agreed purchase price of $25,360.00, and that the defendant failed to either deliver the cattle or repay the purchase price. He further alleged that he was then a resident of Holt County and that the defendant was a resident of Nodaway County.

The record reveals that the plaintiff filed an Affidavit for Attachment dated April 26, 1970, but not filed until April 29, 1970 (two days after filing the petition). This affidavit stated the amount due him as $25,360.00 and alleged three grounds therefor, to-wit:

"a) The defendant has concealed himself so that the ordinary process of law cannot be served upon him.

b) The defendant has fraudulently concealed, removed or disposed of his property and effects, so as to hinder and delay his creditors.

c) That the damages for which the action is brought are for injuries aris-

ing from the commission of a felony in violation of V.A.M.S. Section 561.450."

The Attachment Bond as above noted was executed on April 27, 1970 and approved April 28, 1970. It was also filed April 28, 1970. No question is raised as to the form of either the Affidavit of Attachment or Bond.

An attachment and summons dated April 29, 1970, was issued by the Circuit Clerk and was served by the Sheriff of Buchanan County upon the St. Joseph Stock Yards Bank on April 30, 1970, attaching all property in its hands belonging to the defendant and summoning it as garnishee and directing it to answer such interrogatories as might be served upon it by plaintiff.

Apparently, the plaintiff did propound "an interrogatory" to the bank, as garnishee, on May 4, 1970, and the bank answered on May 5, 1970, that it did have in its custody property of the defendant. We gain this intelligence from the court order of May 5, 1970 *included* in the transcript, not from the benefit of a copy of the interrogatory or answer thereto, which were *not included* in the transcript. Be that as it may, the court ordered the bank as garnishee under the attachment to make a complete inventory of such property and deliver it to the sheriff. (We assume that the bank complied because on December 9, 1970, it was allowed garnishee's fees and was discharged and is no longer a factor in the case.)

On May 13, 1970, the defendant was personally served with Summons in Nodaway County. In response thereto, he filed on May 25, 1970 his unverified Motion to Dismiss and Quash Attachment based *solely* upon the assertion that the circuit court of Buchanan County had no jurisdiction over the parties and the subject matter of the case, since neither party resided in Buchanan County. No allegation is contained in this motion that the attachment affidavit, a mandatory prerequisite for the issuance

of a valid attachment, was false and fraudulent.

On June 10, 1970, defendant's motion to dismiss and quash was heard before the court below. No evidence by witness, affidavit or otherwise was offered, but the hearing consisted solely of arguments by counsel. The main thrust of defendant's contention then related solely to the fact that venue of the cause did not lie in Buchanan County because neither party resided there. The court summarized the then problem by saying—"The only question that is before the court * * * is whether or not in a suit for damages the suit must be brought in the county of the defendant's residence and if an attachment is asked this would be done by sending an attachment to whatever county the defendant owns property in. Now do I correctly comprehend the one and only issue before the court?

Mr. Mason: Right.

Mr. Usrey: Yes"

On December 9, 1970, the court below sustained defendant's motion to dismiss and to quash, dissolved the attachment and discharged the garnishee bank without stating any reason for its action. After an unsuccessful motion to amend this judgment and for a new trial, this appeal (first lodged in the Supreme Court and later transferred here) was perfected.

Plaintiff contends here that the trial court's judgment of dismissal was erroneous because it was rendered upon the ground that there was not proper venue since residence requirements of the parties was not satisfied. Plaintiff asserts that an attachment suit may be brought in any county where property of the defendant which is subject to attachment may be found, regardless of the residence of the parties. On the other hand, it is the defendant's position on this point that venue (and, therefore, jurisdiction) is not vested in a court unless the action is brought in

accordance with Section 508.010(1) RSMo 1969, V.A.M.S.,—that is, in the county in which the defendant resides or in the county in which the plaintiff resides and the defendant may be found. We must assume from the record that the court's action in quashing the attachment and dismissing plaintiff's case was based upon this view.

This position of the defendant is untenable and must be rejected. It is contrary to and in conflict with both statutory provisions and judicial decisions.

■ Venue in attachment suits is not governed by Section 508.010 RSMo 1969, V.A.M.S., (which by its own terms is not exclusive) but is expressly provided for by Section 508.020 RSMo 1969, V.A.M.S. which provides in part:

"Suits commenced by attachment against the property of a person * * * shall be brought in the county in which such property may be found; * * *"

See Notes of Decisions (6) following Section 508.020 V.A.M.S. 1969 and 4 Missouri Digest, Attachments, Section 74.

■ While attachment suits are initially and basically *in rem* actions and may proceed to final determination in that status, usually defendants are brought into the litigation by personal service or entry of appearance. Such *in personam* supplement to the litigation does not destroy either venue or jurisdiction originally acquired by attachment.

■ We therefore hold that upon the record before us, the circuit court of Buchanan County was a proper venue for this attachment and acquired jurisdiction of the cause, even though neither the plaintiff nor the defendant resided there. The plaintiff's Affidavit for Attachment, Bond, Attachment and Summons and the Sheriff's Return thereto were in proper and statutory form. The defendant was personally served, appeared and sought the affirmative exercise of the court's jurisdiction—to quash the attachment and dismiss the cause—initially upon the sole basis of lack of venue.

But now we are faced with yet another issue raised by the defendant. On September 29, 1971, the respondent filed a document in this court entitled "Request", wherein he sought our order to file a supplemental transcript pursuant to Section 512.150 RSMo 1969, V.A.M.S. The transcript which he sought to file was the purported testimony on cross-examination of plaintiff in a suit in Gentry County, Missouri, entitled "Leo E. Luke v. Glen D. Schmidt and Robert M. Quick, No. 2301", in which Quick purportedly repudiated his attachment affidavit in this case. We denied this request on September 29, 1971.

Again in defendant's suggestions in opposition to plaintiff's motion for a rehearing and to transfer to the Supreme Court, after our original opinion herein, and in his answer to plaintiff's motion for leave to file supplemental transcript, defendant raised the point that plaintiff's affidavit in attachment was false and fraudulent and in support of such position again sought to present the record from the Gentry County case of Luke v. Schmidt and Quick. In short, defendant now urges that the whole attachment proceeding upon which the jurisdiction of the Buchanan County circuit court rests, is based upon a false and fraudulent affidavit of attachment and that the plaintiff resorted to "trickery and artifice" to obtain such jurisdiction and venue.

■ These charges may or may not be timely, properly preserved and provable by competent evidence. In any event, this is not the forum in which their truth can or should be tested. In attachment actions, the veracity of the affidavit may be put in issue by proper motion to dissolve the attachment, Rule 85.39, V.A.M.R., and the court below is empowered to hear evidence, make findings, and to rule upon such motion, Rule 85.40. No such issue was raised by the defendant and no evidence proffered in support thereof in the court below. This procedure is exclusive if this issue is to

be tested and preserved for possible future appellate review.

The judgment of dismissal is reversed and the cause remanded for further proceedings in accordance with this opinion.

All concur.